UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEANNA FRIAS,

             Plaintiff,

    v.

AETNA LIFE INSURANCE COMPANY, et al.,

           Defendants.

Case No. 14-cv-03146-TEH

**ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE**

On September 15, 2014, Defendants Aetna Life Insurance Company and TriNet Employee Benefit Insurance Plan filed a motion to transfer this case from the Northern District of California to the District of Arizona. Mot. (Docket No. 20). Plaintiff filed her opposition (Docket No. 23) on September 29, 2014, and Defendants replied on October 6, 2014 (Docket No. 26). After reviewing the parties' submissions, the Court finds further argument unnecessary, VACATES the hearing on the motion scheduled for October 27, 2014, and GRANTS Defendants' motion to transfer venue for the reasons listed below.

**BACKGROUND**

Plaintiff Deanna Frias was employed by TriNet Group, Inc. ("TriNet") as a Service Technician in Arizona. Compl. ¶ 3 (Docket No. 1). Plaintiff was at all relevant times, and to this Court's knowledge remains, a resident of Maricopa County in Arizona. *Id.* ¶ 3. Aetna is a corporation with its principal place of business in the State of Connecticut, but is authorized to transact and does transact business in the Northern District of California. *Id.* ¶ 8. TriNet is a corporation with offices nationwide, including Arizona, but with its principle place of business in San Leandro, California. *Id.* ¶ 9; Ex. G to Valentine Decl. (Docket No. 21-7).

TriNet established and maintained an employee welfare benefit plan issued by Aetna with an effective date of October 1, 2010 ("the LTD Plan"). Compl. ¶¶ 3-6.

Plaintiff was a participant in the LTD Plan.  *Id.* ¶ 3.  Plaintiff alleges that while covered under the Plan, she suffered from a disability due to multiple sclerosis, Ehlers Danlos Syndrome, and other conditions.  *Id.* ¶ 13.  Plaintiff's medical leave commenced on or about March 17, 2010.  *Id.* ¶ 14.  She submitted a claim to Aetna for disability benefits and received benefits from Aetna until on or about August 22, 2013, at which point Aetna terminated her benefits.  *Id.* ¶¶ 14-15.

Plaintiff's records, submitted on behalf of her claim for benefits and provided to the Court by Defendants, indicate that she was treated by numerous physicians and specialists in Arizona.  Ex. B to Valentine Decl. (Docket No. 21-2).  Plaintiff applied for and received benefits from the Arizona office of the Social Security Administration.  Ex. D to Valentine Decl. (Docket No. 21-4).  Plaintiff's claim was administered outside of California.  Exs. C & F to Valentine Decl. (Docket Nos. 21-3, 21-6).

Because Defendants can be found within the Northern District of California, Plaintiff filed her ERISA action in this Court.  Compl. ¶ 10; *see* 29 U.S.C. § 1132(e)(2) (allowing plaintiffs to bring an ERISA action in any district where the defendant may be found).  Defendants do not dispute that they can be found in the Northern District of California, and that venue is therefore proper in this District; instead, Defendants move the Court to transfer these proceedings to the District of Arizona under 28 U.S.C. § 1404(a), for the convenience of the parties and witnesses, in the interest of justice.  Mot.; Reply at 1 (Docket No. 26).

**LEGAL STANDARD**

Under ERISA, a plaintiff may bring an action in any federal district where: (1) the plan is administered; (2) the breach took place; (3) the defendant resides; or (4) the defendant may be found.  29 U.S.C. § 1132(e)(2).

Nonetheless, a defendant can move for a transfer of venue under 28 U.S.C. § 1404(a).  This statute provides, in relevant part, that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any

United States District Court
Northern District of California

2

other district or division where it might have been brought . . . ."  28 U.S.C. § 1404(a).

Once it is established that a venue is appropriate in an alternative district, the district court

weighs eight factors in determining whether to transfer venue: (1) the plaintiff's choice of

forum; (2) the convenience of the parties; (3) the convenience of witnesses; (4) the ease of

access to the evidence; (5) the familiarity of each forum with the applicable law; (6) the

feasibility of consolidation with other claims; (7) any local interest in the controversy; and

(8) the relative court congestion and the time of trial in each forum.  *Jones v. GNC*

*Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000).  A motion for transfer lies within the

broad discretion of the district court, and must be determined on an individualized basis.

*Id.* at 498.  The party seeking transfer bears the burden of persuasion.  *Commodity Futures*

*Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).


**DISCUSSION**

    **A.  Venue is proper in both the Northern District of California and the District of Arizona.**

      Plaintiff is correct that this case is properly filed in the Northern District of

California because Defendants can be found here.  *See* 29 U.S.C. § 1132(e)(2).  In fact,

Defendants do not dispute this.  Reply at 1.  However, Defendants are similarly correct that

this case could also have been filed in the District of Arizona, as Defendants can be found

in that District.  *See Varsic v. U.S. Dist. Ct. for Centr. Dist. of Cal.*, 607 F.2d 245, 248 (9th

Cir. 1979) (stating that a defendant is "found" in any district where personal jurisdiction

can be asserted, *i.e.*, where defendant's activities are "substantial" or "continuous and

systematic").  Regarding TriNet, the company has an office in Phoenix, Arizona, where

Plaintiff was employed. Compl. ¶ 3; Ex. G to Valentine Decl. (Docket No. 21-7).  TriNet

can therefore be "found" in the District of Arizona.  *See Couvrett v. Couvrett*, No. 12-

2771, 2013 WL 2898531, at *2 (S.D. Cal. June 13, 2013) (finding a branch office to be

sufficient to establish that there was personal jurisdiction over defendants in that district).

Regarding Aetna, Plaintiff does not dispute that the insurance company regularly conducts

1    business nationwide, including in Arizona, and can therefore be "found" in the District of

2    Arizona.  Opp'n at 7 ("Plaintiff does not dispute that the action could have also been

3    brought in Arizona.").

4         Venue is additionally proper in Arizona because that is where the breach took place.

5    *See* 29 U.S.C. § 1132(e)(2) (allowing an ERISA action to be brought where the breach

6    took place).  Because Plaintiff is a resident of Arizona, she would have received benefits in

7    that state, and therefore the alleged breach took place in the District of Arizona.  *See Teets*

8    *v. Great-West Life & Annuity Ins. Co.*, No. 2:14-1360, 2014 WL 4187306, at *2 (E.D. Cal.

9    Aug. 21, 2014) ("Courts liberally construe these provisions to find that a breach occurs

10   where the plan participant expects to receive benefits.").

11        Consequently, venue is proper in both the Northern District of California and the

12   District of Arizona on multiple grounds.

13

14        **B.  Transfer is granted for the convenience of the parties and witnesses, in the**

15   **interest of justice.**

16        Because venue is proper in both the Northern District of California and the District

17   of Arizona, Defendants have the burden of persuading the Court that this case should be

18   transferred to the District of Arizona for the convenience of the parties and witnesses and

19   in the interest of justice.  *Jones*, 211 F.3d at 495; *Commodity Futures Trading Comm'n*,

20   611 F.2d at 279.  After reviewing the parties' arguments, the Court finds that Defendants

21   have met their burden, and that this case should therefore be transferred to the District of

22   Arizona, for the following reasons.

23

24   **1.  Plaintiff's choice of forum holds only minimal weight because she is not a resident**

25   **of California and the operative facts of this case occurred outside of this District.**

26        Generally, a plaintiff's choice of forum is rarely disturbed.  *STX, Inc. v. Trik Stik,*

27   *Inc.*, 708 F. Supp. 1551, 1555-56 (N.D. Cal. 1988).  However, where the "operative facts

28   have not occurred within the forum and the forum has no interest in the parties or subject

United States District Court
Northern District of California

United States District Court
Northern District of California

1    matter, [plaintiff's] choice is entitled to only minimal consideration." *Lou v. Belzberg*, 834

2    F.2d 730, 739 (9th Cir. 1987).  In fact, "[t]his is particularly true where plaintiff is not a

3    resident of the judicial district where he has instituted suit." *Maurey v. University of S.*

4    *Cal.*, 1998 U.S. Dist. LEXIS 4276, *5 (N.D. Cal. March 26, 1998).  The operative facts of

5    this case occurred outside of the Northern District of California.  Plaintiff is a resident of

6    Arizona, worked in Arizona, filed for and would have received benefits in Arizona.

7    Additionally, the physicians retained by Aetna to review Plaintiff's claim were located in

8    Massachusetts, Florida, New York, and Maryland; Aetna letters were sent from Lexington,

9    Kentucky; and the claim personnel were located in Maine and Florida.  Compl. ¶ 3; Exs. E

10   & F to Chandler Decl. (Docket No. 24-1).  All of these facts suggest that Plaintiff's choice

11   of forum should be afforded only minimal consideration.

12          Conversely, Plaintiff contends that a plaintiff's choice of forum is accorded greater

13   weight in an ERISA action than in other cases.  Opp'n at 6 (citing *Bd. of Trs., Sheet Metal*

14   *Workers Nat. Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1256-

15   57 (E.D. Va. 1988)).  However, *Board of Trustees, Sheet Metal Workers National Fund* is

16   inapposite, and has in fact been distinguished by another court in this district when it was

17   cited by Plaintiff's counsel in a similar action.  *See Guy v. Hartford Life Group Ins. Co.*,

18   No. 11-3453, 2011 WL 5525965, at *3 (N.D. Cal. Nov. 14, 2011).  In *Guy*, the court

19   explained that the action in *Board of Trustees, Sheet Metal Workers National Fund* was

20   brought in the plaintiff's home forum, unlike in both *Guy* and the present case, and that the

21   Eastern District of Virginia even noted that "a plaintiff's choice of his home forum for

22   venue purposes is given greater weight than a plaintiff's choice of a foreign forum." *Id.*

23   (quoting *Bd. of Trs., Sheet Metal Workers Nat. Fund*, 702 F. Supp. at 1256).  The Eastern

24   District of Virginia additionally stated that "the plaintiff's choice is entitled to less weight

25   where there is little to connect the chosen forum with the cause of action," as is true here.

26   *Bd. of Trs., Sheet Metal Workers Nat. Fund*, 702 F. Supp. at 1256.  Further, ERISA

27   disputes are regularly transferred from one court to another, despite a plaintiff's choice of

28

5

forum, which is not an abuse of discretion when other factors favor transfer. *Jacobson v. Hughes Aircraft Co.*, 105 F.3d 1288, 1302 (9th Cir. 1997).

Because Plaintiff does not reside in California and none of the operative events took place in California, the Court affords Plaintiff's choice of forum only minimal consideration.

**2.  The convenience of the parties is a neutral factor.**

Defendants and Plaintiff offer offsetting arguments regarding whether transfer best serves the convenience of the parties.  Defendants contend that transfer to the District of Arizona would be more convenient for Plaintiff because she resides in that district.  Mot. at 6; Reply at 6.  This argument has special merit because Plaintiff is allegedly disabled, and her convenience is therefore "particularly relevant."  *See Joyner v. Cont'l Cas. Co.*, No. 11-6005, 2012 WL 92290, at *2 (S.D.N.Y. Jan. 9, 2012) ("[The location of the plaintiff] is particularly relevant considering plaintiff alleges she is physically disabled due to cervical spine degenerative joint disease and chronic fatigue syndrome.").  The Court does note, however, that the burden on Plaintiff may be lessened where she is permitted to appear by telephone when necessary.  *See* Opp'n at 9.  Conversely, Plaintiff argues that retaining the case in the Northern District of California would be more convenient for Defendants because the Plan Sponsor and Administrator are headquartered here.  Opp'n at 8.

The fact that the parties have chosen California lawyers is of no consequence.  *Guy*, 2011 WL 5525965 at *3; *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003) ("The factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of the transfer of venue.").  This is exceedingly true where, as in this case, Plaintiff's counsel litigates cases in states throughout the country, and has an office located nearly equidistant from the courthouses for the District of Arizona and the Northern District of California.  *See* October 14, 2014 Order Granting Request for Judicial Notice (Docket No. 30); Exs. B-H to Valentine Decl. (Docket Nos. 27-2 to 27-8).  The

United States District Court
Northern District of California

6

United States District Court
Northern District of California

Court is unconvinced that Plaintiff's counsel cannot prosecute this case in Arizona where they have shown an ability to do so in the past.

Because the parties' arguments are offsetting, and the location of counsel is irrelevant, the Court finds that the convenience of the parties is a neutral factor.

**3.  The convenience of witnesses weighs in favor of transfer.**

"The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)." *Metz v. U.S. Life Ins. Co.*, 674 F. Supp. 2d 1141, 1147 (C.D. Cal. 2009) (internal quotation marks omitted).

Defendants argue that transfer best serves the convenience of witnesses because Plaintiff received medical treatment in Arizona, was employed in Arizona, was subject to surveillance in Arizona, and was denied plan benefits in Arizona.  Mot. at 6.  Further, any other potential witnesses, such as claims personnel and the doctors that reviewed Plaintiff's case, would be located in places other than the Northern District of California. Compl. ¶ 3; Exs. E & F to Chandler Decl. (Docket No. 24-1).

Plaintiff responds that Defendants' argument for the convenience of the witnesses lacks merit because of the nature of the adjudication involved in ERISA actions.  Opp'n at 9-10.  While Plaintiff is correct that ERISA cases are "decided mainly" on the administrative record, should any discovery become necessary or any witnesses need to be called, such discovery would come from Arizona.  Evaluating this same argument in an analogous case, another court in this District found that because another forum was the location of both the plaintiff and the operative facts, the convenience of the witnesses was "neutral at best," if not "weigh[ing] in favor of granting the Motion to Transfer." *M.K. v. Visa Cigna Network POS Plan*, No. 12-4652, 2013 WL 2146609, at *4 (N.D. Cal. May 15, 2013).  This Court agrees with the decision in *Visa Cigna* and finds that the convenience of witnesses weighs in favor of transfer because of the potential for additional discovery.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**4.  The ease of access to evidence is a neutral factor.**

Aside from witness testimony and discovery, which the Court has determined weighs slightly in favor of transfer, the ease of access to evidence is a neutral factor in this case.  As Plaintiff explains, the pertinent evidence in this action will likely be contained in the Plaintiff's claim file, which is in Defendants' possession and would be provided to Plaintiff with indistinguishable levels of inconvenience regardless of the district in which this case is litigated.  Opp'n at 11.

**5.  The forums' familiarity with the applicable law and the feasibility of conslidation are neutral factors.**

ERISA is a federal statute.  Consequently, the District of Arizona and the Northern District of California are equally familiar with the applicable law in this case, rendering this factor neutral.  *See David v. Alphin*, No. 06-4763, 2007 WL 39400, at *5 (N.D. Cal. Jan. 4, 2007) ("This is an ERISA action which will be decided exclusively under federal law regardless of where it is heard.").

Similarly, because there are no related claims, the feasibility of consolidation is irrelevant, and is therefore a neutral factor.

**6.  Local interest in the controversy weighs in favor of transfer.**

Defendants contend that Arizona has a strong interest in addressing the rights of its citizens claiming insurance benefits.  Mot. at 7 (citing *Coronel v. GEICO Ins. Agency, Inc.*, No. 12-795, 2013 WL 3270574, at *4 (D. Ariz. June 27, 2013) ("Arizona has a great interest in protecting its citizens from the unreasonable actions of an insurer.")).  Additionally, Arizona has an especially strong local interest in this case, Defendants argue, because Plaintiff is an Arizona resident who was employed in Arizona, received medical treatment in Arizona, was denied disability payments in Arizona, and was allegedly harmed in Arizona.  Reply at 9-10.  Plaintiff responds that at least one of the Defendants

resides in California, and that the other does business here, giving California a local interest in this litigation.  Opp'n at 11.

In finding that this factor weighs in favor of transfer, the Court does not deny California's interest in litigation involving California-based defendants.  However, in light of the much more substantial ties between the state of Arizona and the operative facts of this case, this Court finds that California's interest in this matter is greatly outweighed by that of Arizona. *See Visa Cigna Network POS Plan*, 2013 WL 2146609, at *4 (finding that Utah had "more of an interest" in the controversy than the Northern District of California because the plaintiff resided, worked, and received medical treatment in Utah, and because the only connection to the Northern District of California was that the defendant was headquartered here).

### 7.  Relative court congestion weighs in favor of transfer.

"The key inquiry in docket congestion is whether a trial may be speedier in another court because of its less crowded docket."  *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1196 (S.D. Cal. 2007) (internal quotation marks omitted).  This factor turns on whether "efficient and expeditious administration of justice would be furthered" by transfer.  *Sherar v. Harless*, 561 F.2d 791, 794 (9th Cir. 1977).  However, "Administrative considerations such as docket congestion are given little weight in this circuit in assessing the propriety of a § 1404(a) transfer." *Allstar Marketing Group, LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1134 (C.D. Cal. 2009).

Defendants argue that court congestion weighs in favor of transfer because the Northern District of California has nearly twice as many pending cases as the District of Arizona.  Reply at 9.  This fact has been judicially noticed by the Court.  *See* October 14, 2014 Order.  Plaintiff appears to concede that the Northern District of California is more congested than that of Arizona, but contends that this factor should be given little weight because transfer would require the parties to retain new counsel, and because it is outweighed by the importance of Plaintiff's choice of forum and the convenience of the

United States District Court
Northern District of California

1    parties.  *See* Opp'n at 12.  The Court has already dismissed these arguments above.

2    Further, while Plaintiff cites to *Costco Wholesale Corporation* to argue that docket

3    congestion should not be considered where parties will have to retain new counsel, she

4    ignores the context of that holding.  In that case, the plaintiff had filed a motion for partial

5    summary judgment that was pending during the motion to transfer.  *Costco Wholesale*

6    *Corporation*, 472 F. Supp. 2d at 1196.  Consequently, if the case had been transferred, "the

7    parties [would] have [had] to rehash the summary judgment motion [in the new district]

8    and bring local counsel up to speed on the issues."  *Id.*  The same concern is not present in

9    this case, as there are no pending motions, and Plaintiff's counsel has litigated cases in

10   Arizona in the past.

11          However, Plaintiff is correct that the administrative concern of docket congestion is

12   given only minimal weight in this District.  Opp'n at 12 (citing *Allstar Marketing Group,*

13   *LLC*, 666 F. Supp. 2d at 1134).  Nonetheless, what little weight such a consideration

14   should be given in this case weighs in favor of transfer.

15

16   **CONCLUSION**

17          Having considered the written submissions of the parties, and finding that a balance

18   of the eight *Jones* factors weighs in favor of transferring this case to the District of

19   Arizona, the Court hereby VACATES the hearing on this motion scheduled for October

20   27, 2014, and GRANTS Defendants' motion to transfer this case to the District of Arizona.

21

22   **IT IS SO ORDERED.**

23

24   Dated:   10/21/14

25                                                THELTON E. HENDERSON
                                                  United States District Judge

26

27

28

10